## 11076

### NICHOLS v. SEABOARD AIR LINE RY. CO.

.(115 S. E., 323)

1. MASTER AND SERVANT—EVIDENCE HELD NOT TO SHOW NEGLIGENCE AS TO SWITCHMAN HIT BY FALLING BRICK.—Evidence that a railroad switchman was injured while coupling freight cars when a brick fell from the car next to the one on which he was riding, without showing how or by whom the brick was left upon the other car, *held* insufficient to show negligence, so that a verdict in his favor must be reversed as founded on surmise or conjecture.

2. MASTER AND SERVANT—INJURY RAISES NO PRESUMPTION OF NEGLI-GENCE.—The injury of an employee while in the master's employment raises no presumption of negligence on the part of the master.

Before WHALEY, J., County Court, Richland, June, 1922. Reversed.

Action by A. B. Nichols against Seaboard Air Line Railway Company. Judgment for plaintiff and defendant appeals.

*Messrs. Lyles & Lyles,* for appellant, cite: *Injury to servant in course of employment raises no presumption of negligence by the Master:* 103 S. C., 102; 72 S. C., 398; 72 S. C., 97; 69 S. C., 529; 66 S. C., 256. *Verdict cannot rest on conjecture:* 81 S. C., 24; 72 S. C., 404; 2 Labatt M. & S., Sec. 837. *Adequacy of inspection:* 3 Labatt M. & S., Sec. 1065, pp. 2820–21; 132 Fed., 801; 94 A. L. R., 560.

· *Messrs. B. L. McDowell* and *Buford Jackson,* for respondent, cite: *Sufficiency of evidence for the jury:* 96 S. E., 538. *Right of servant to assume that machinery and appliances are safe and suitable:* 68 S. E., 525; 78 S. E., 798; Cent. Dig., "Master and Servant," Sec. 675; Dec. Dig., Sec. 231; 95 S. E., 32; 67 S. E., 565.

December 29, 1922.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a judgment of $500.00 entered on a verdict of jury in the Richland County Court at a trial held on July 2, 1922.

1    The appeal brings up only the question as to whether there is any evidence tending to support a verdict and judgment in favor of the plaintiff.

The complaint alleges that the plaintiff was employed as a switchman in coupling freight cars, and was standing on the ladder of one of the cars; defendant negligently allowed a brick to fall from the next car and strike the plaintiff in the left eye.

The only negligence alleged was having allowed a brick to be placed on top of the car, and in allowing the brick to fall. There is no testimony as to how the accident happened or to show negligence, except that of the plaintiff. There is no proof as to when or how the brick got on top of the car. It must have been a box car, since the brick was on top of the car. Plaintiff testified that the car was there the night before and might have been there a week. There is no evidence as to how or when the brick got there. Cars are inspected at Cayce; this car must have been inspected at Cayce on its inward journey, placed on this track, and unloaded. The car on its outward journey would have been inspected at Cayce. There is no evidence that the car had been loaded with brick or that it had been placed at the brickyard. There is no evidence to show that defendant knew. or had any reason to suspect, that the brick was there The brick might have been placed there by some outsider, or thrown there without the knowledge or consent of the defendant.

2    The injury of the plaintiff while in the Master's employment raises no presumption of negligence on the part of the Master. The verdict in this case is absolutely without evidence to support it.

·Plaintiff has totally failed to show in any manner any negligence on the part of the Master that would allow him to recover against the defendant for his injury.

The verdict is founded upon surmise, conjecture, or caprice, and without proven facts to support it. No reasonable inference can be drawn from the evidence that the defendant was in any manner negligent, so as to entitle the plaintiff to recover.

His Honor should have directed a verdict for the defendant as asked for.

The exceptions are sustained, and judgment reversed.